UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER GAMBLE COVARRUBIOS,<br>Plaintiff,<br>v.<br>SANTA ANA POLICE DEPARTMENT et al.,<br>Defendant. | Case No.: 3:26-cv-1143-JAH-MSB<br>**ORDER:**<br>**1. DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br>**2. DISMISSING ACTION WITHOUT PREJUDICE**<br>**[ECF Nos. 1-2]** |

Before the Court is Plaintiff Tyler Gamble Covarrubios' application to proceed *in forma pauperis* ("IFP"), filed pursuant to 28 U.S.C. §1915(a). *See* ECF No. 2 ("Application"). Proceeding pro se, Plaintiff's action seeks damages against the Santa Ana Police Department and the Arlington Police Department (collectively, "Defendants"). *See* ECF No. 1 ("Complaint").

After careful review of the filings, and for the reasons set forth below, the Court **DENIES** Plaintiff's Application and **DISMISSES** the action without prejudice.

//

//

//

## DISCUSSION

### I. Application to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must typically pay $405 in statutory fees. 28 U.S.C. § 1914.[1] However, pursuant to 28 U.S.C. § 1915(a)(1), if a plaintiff is granted leave to proceed IFP, a court may authorize a plaintiff to proceed without first paying the statutory fees in full or in part. *See Hymas v. U.S. Dept. of the Int.*, 73 F.4th 763, 767 (9th Cir. 2023).

For a court to grant leave to proceed IFP, the plaintiff must submit "an affidavit that includes a statement of all assets" showing their inability to pay the statutory fees. 28 U.S.C. § 1915(a). Although "an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life . . . a plaintiff seeking IFP status **must allege poverty with 'some particularity, definiteness and certainty**.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)) (emphasis added).

Here, Plaintiff failed to provide an affidavit and complete statement of assets in support of his Application. Although Plaintiff used the correct form[2] to file his IFP Application, Plaintiff failed to sign the "Affidavit in Support of Application."[3] Plaintiff

---

[1] In addition to the $350 statutory filing fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914; Judicial Conf. of the U.S., District Court Misc. Fee Schedule, ¶ 14 (Dec. 1, 2023). The additional $55 administrative fee does not apply to IFP litigants. 28 U.S.C. § 1915(a)(1).

[2] Plaintiff filed the correct but incomplete form AO 239, Application to Proceed in District Court without Prepaying Fees or Costs (Long Form).

[3] The "Affidavit in Support of Application" reads as follows:

> I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested. I declare under penalty of perjury that the information below

did not otherwise provide an affidavit in support of his Application. *See generally id.*

Plaintiff also left most of the form blank despite the form's clear instructions requiring Plaintiff to complete all questions and not leave any blanks. App. at 1. For example, rather than leaving blanks, the form directs Plaintiff to write "0," "none," or "not applicable" to make clear to the Court that neither Plaintiff nor his or her spouse has received any money from the corresponding source(s) during the past 12 months. *Id.* Plaintiff alleges his total monthly income is $0 but fails to fill out any of the income source rows. *Id.* at 1–2. Plaintiff also failed to provide other information required by the affidavit form, including, *inter alia*, information regarding his two-year employment history, cash on hand, bank accounts, other financial assets, a summary of his estimated monthly family expenses, legal residence, contact phone number, age, and years of schooling. *Id.* at 3–5.

Given Plaintiff's failure to properly submit an affidavit and a completed statement of assets showing his inability to pay the statutory fees, the Court finds the Application lacks the "particularity, definiteness and certainty" necessary for the Court to grant leave for Plaintiff to proceed IFP. *See Escobedo*, 787 F.3d at 1234. Accordingly, Plaintiff's Application to Proceed IFP is **DENIED** without prejudice.

**II. Sua Sponte Review Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

A plaintiff who seeks leave to proceed IFP subjects their complaint to sua sponte review and mandatory dismissal if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure 8(a)(2) requires that all pleadings include "a short and plain statement of [each] claim showing that the pleader is entitled to relief."

---

> is true and understand that a false statement may result in a dismissal of my claims.

*Id.*

The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, because "pleadings must be construed so as to do justice," Fed. R. Civ. P. 8(e), "a document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal citation and quotations omitted).

If the court finds a complaint fails to state a claim, the court "should grant leave to amend, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal citation and quotations omitted).

**A. Lack of Subject Matter Jurisdiction**

Federal district courts are courts of limited jurisdiction and may hear only cases that federal law authorizes it to hear. *See* U.S. Constitution Article III, § 2, cl. 1. Federal district courts have subject matter jurisdiction under three major categories. *See*, *e.g.* Compl. at 3 ("Basis for Jurisdiction"). First, the Court may hear federal question cases that arise under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Second, the Court may hear diversity of citizenship cases that involve citizens of different States and an amount in controversy that exceeds $75,000. *See* 28 U.S.C. § 1332. Finally, the Court may hear cases where the U.S. Government, a federal agency, or a federal official is a defendant. *See* 28 U.S.C. § 1346.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Thus, under Rule 12(h)(3), a Court may raise the question of subject matter jurisdiction at any time during the pendency of an action. *Id.*

Here, Plaintiff fails to allege any facts showing that this Court has subject matter jurisdiction over the matter. Specifically, Plaintiff fails to check the basis for

jurisdiction in Section II of the Complaint form and does not complete any of the subsidiary fields. Compl. at 3–4. Although pleadings drafted by a pro se plaintiff are construed liberally so as to do justice, such liberal construction does not compel a Court to assume facts Plaintiff does not allege. *See* Fed. R. Civ. P. 8(a)(1) (requiring a complaint to include "a short and plain statement of the grounds for the court's jurisdiction"). Absent such facts, the Court is unable to find that this Court has subject matter jurisdiction to hear the matter.[4]

**B. Failure to State a Claim**

Even if Plaintiff could establish this Court's subject matter jurisdiction over the action, the Court has serious concerns as to whether the action would survive a sua sponte review of the allegations in the Complaint pursuant to Rule 12(b)(6).

Rule 12(b)(6) challenges the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Although Rule 12(b)(6) does not require detailed essential facts for a complaint to "state a claim to relief that is plausible on its face," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action… do not suffice . . . [n]or do . . . 'naked assertion[s]' devoid of 'further factual enhancement.'").

Here, the allegations in the Complaint are wholly lacking. For example, in Section IV of the Complaint form ("Statement of Claim(s)"), Plaintiff is instructed to "identify the law or right you claim was violated" for each cause of action. Compl. at 5–6. In response, Plaintiff writes "Mental[.]" *Id.* When asked to "name the

---

[4] Plaintiff also left §§ I(B) and III blank, which ask for Defendants' names, address, and contact information, as well as the basis for venue. *See* Compl. at 2-3. Thus, the Court lacks sufficient factual details to evaluate personal jurisdiction or venue propriety at this juncture.

defendant(s) involved" in Plaintiff's first and only claim for relief, Plaintiff writes "Damages." *Id.* When asked for supporting facts, Plaintiff alleges that he was "detained in Santa Ana and prints were under a different name [and] was reporting same occurrences and they put [him] in [a] mental hospital." *Id.* Accordingly, the Court questions whether, absent amendment, the allegations in the Complaint are sufficient to state a claim on which relief may be granted.

Ultimately, "whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy." *See Bell v. Hood*, 327 U.S. 678, 682 (1946). Thus, absent a sufficient jurisdictional showing, the Court declines to rule on the sufficiency of the Complaint. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) (explaining that a court cannot "resolve contested questions of law when its jurisdiction is in doubt").

In light of the foregoing, the Court **DISMISSES** the action without prejudice for lack of subject matter jurisdiction.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* is **DENIED** pursuant to 28 U.S.C. § 1915(e).
2. Plaintiff's entire action is **DISMISSED** without prejudice. The Court **GRANTS** Plaintiff **forty-five (45) days** from the date of this Order to file an amended complaint which cures the deficiencies of the pleading described herein. Plaintiff is cautioned, however, that should he choose to file an amended complaint, it must be complete by itself, comply with the Federal Rules of Civil Procedure, including Rule 8(a) and Rule 12(b)(6), and that any claims not realleged will be considered waived. *See* CivLR 15.1. Absent good cause, a failure to file an amended complaint within the allocated timeframe will result

in dismissal of this action without further order from this Court.

3. If Plaintiff files an amended complaint, Plaintiff has **forty-five (45) days** from the date of this Order to pay the full filing fee or file a renewed, fully completed application to proceed *in forma pauperis* which cures the deficiencies in Application described herein.

IT IS SO ORDERED.

Dated: July 31, 2026

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE